IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

DANIEL W. WIRSING,

      Petitioner,

v.                                Civil Action No. 3:16cv77
                                Criminal Action No. 3:07cr49
                                (Judge Bailey)

UNITED STATES OF AMERICA,

      Respondent.

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

On June 10, 2016, Daniel W. Wirsing ("Petitioner"), proceeding *pro se*, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. [Civil Action No 3:16cv77, ECF No. 1; Criminal Action No. 3:07cr49, ECF No. 298.][1] The undersigned now issues this Report and Recommendation on the Petitioner's motion without requiring the Government to respond and without holding an evidentiary hearing. For the reasons stated below, the undersigned recommends that the District Judge deny and dismiss the Petitioner's motion.

---

[1] From this point forward, all ECF Numbers refer to Petitioner's Criminal Action, 3:07CR49.

## II. FACTS

Following a plea agreement [ECF No. 114] and hearing, the Petitioner was found guilty of being a felon in possession of a firearm in violation of 18 U.S..C. § 922(g), Count 10 and possession with intent to distribute 16 grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), Count 14. On January 28, 2008, the Presentence Investigation Report ("PSR") was filed. ECF No. 165. Paragraph 66 of the PSR provides in pertinent part as follows:

> Chapter Four Enhancements: As shown in Part B ( Criminal History) below, the defendant has two previous convictions for Possession with Intent to Distribute CDS. Since the instant offense involves Possession With Intent to Distribute Cocaine Base, and the defendant was 18 years or older at the time of its commission, the defendant is a career offender within the meaning of U.S.S.G. § 4B1.1 of the guidelines….

PSR, ECF No. 165 at 14, ¶ 66.

On January 31, 2008, Petitioner was sentenced to 120 months incarceration on Count 10, felon in possession of a firearm, and 188 months incarceration on Count 14, possession with intent to distribute cocaine base to run concurrently. Judgment, ECF No. 168. Petitioner's direct appeal was denied on May 21, 2009. Per Curiam of USCA, ECF No. 224. In his Motion to Vacate Under 28 U.S.C. § 2255, the Petitioner alleges that pursuant to the decision in Johnson v. United States[2], his career offender status is no longer valid because none of his prior drug convictions were serious. Mot., ECF No. 298 at 5. In addition, Petitioner alleges that his two prior drug convictions do not fit under the definition of the residual clause as they were not "'serious drug' offenses and

---
[2] Johnson v. United States,135 S.Ct. 2551 (2015).

no violence was involved." Mem. at 4, ECF No. 298-1. For relief, Petitioner asks that he be re-sentenced without the career offender enhancement. ECF No 298 at 13.

### III. ANALYSIS

In Johnson, the Supreme Court struck the residual clause of the Armed Career Criminal Act ("ACCA") for being unconstitutionally vague in violation of the Due Process Clause of the Fifth Amendment. Johnson, 135 S.Ct. at 2555-57. The now-invalidated ACCA residual clause made any crime punishable by more than one year in prison and that "otherwise involve[d] conduct that present[ed] a serious potential risk of physical injury to another" a violent felony. 18 U.S.C. § 924(e)(2)(B)(ii).

Petitioner was sentenced on January 31, 2008, as a career offender under U.S.S.G. § 4B1.1. At the time, the relevant provision read:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1 (U.S. Sentencing Comm'n 2008). In turn, this provision relied on §4B1.2 for definitions of key terms. At that time, the following definitions were provided:

(a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –

  (1) has an element the use, attempted use, or threatened use of physical force against the person of another, or

  (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

(b) The term 'controlled substance offense' means an offense under federal or state law, punishable by imprisonment for a term exceeding one year,

3

> that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.
>
> (c) The term 'two prior felony conviction' means (1) the defendant committed the instant offense of conviction subsequent to sustaining at least two felony convictions of either a crime of violence or controlled substance offense (i.e., two felony convictions of a crime of violence, two felony convictions of a controlled substance offense, or one felony conviction of a crime of violence and one felony conviction of a controlled substance offense), and (2) the sentences for at least two of the aforementioned felony convictions are counted separately under the provisions of §4A1.1(a), (b), or (c). The date that a defendant sustained a conviction shall be the date that the guilt of the defendant has been established, whether by guilty plea, trial, or plea of nolo contendere.

U.S.S.G. § 4B1.2 (U.S. Sentencing Comm'n 1988).

Accordingly, the residual clause of §4B1.2(a)(2) in 2008, contained the same language as the ACCA which was struck down as unconstitutional in Johnson. Moreover, the Court acknowledges that some defendants sentenced as a career offender under the residual clause of §4B1.2 may be entitled to relief if the holding in Johnson is extended to career offenders.[4] However, the instant case does not require such analysis. Petitioner's two prior convictions which resulted in his career offender status were felony convictions for controlled substances. Neither were convictions for crimes of violence under the residual clause. The first conviction was for conspiracy to possess with intent to manufacture and distribute CDS in the Circuit Court for Baltimore

---

[4]The Fourth Circuit recently issued a decision which addressed the term "crime of violence" in §4B1.2. See In re Hubbard, ___ F.3d ___, 2016 WL 3181417 (4th Cir. June 8, 2016). Although the Court did not find that the career offender residual clause unconstitutional per se, it did grant the petitioner leave to file a successive § 2255 motion. Moreover, the United States Supreme Court recently granted a writ of certiorai in Travis v. Beckles, ___ S.Ct. ___, 2016 WL 1029080 (June 27, 2016). Among the issues presented in the case is whether Johnson applies retroactively to collateral cases challenging federal sentences under the residual clause in USSG § 4B1.2(a)(2) (defining "crime of violence").

City, Maryland, Case Number 595242020. PSR, ECF No. 165 at 15, ¶ 70. The second was for possession with intent to distribute CDS in the Circuit Court for Baltimore City Maryland, Case Number 199288031. ECF No. 165 at 18, ¶ 79. Accordingly, Petitioner was not adjudged a career offender based on the definition of crime of violence as set forth in the residual clause, and his argument that Johnson renders his sentence void lacks merit.

## IV.    RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Civil Action No. 3:16cv77, ECF No. 1; Criminal Action No. 3:07cr49, ECF No. 298] be **DENIED** and **DISMISSED**.

Within **fourteen (14) days** after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objections are made and the basis for such objections.  A copy of any objections shall also be submitted to the Honorable John Preston Bailey, United States District Judge.  Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation.  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of

West Virginia.  The Court further directs the Clerk of the Court to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: 7-5-2016

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE